# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

|                                |     |                          |
|--------------------------------|-----|--------------------------|
| UNITED STATES OF AMERICA,      | )   |                          |
|                                | )   |                          |
| Plaintiff,                     | )   |                          |
|                                | )   |                          |
| v.                             | )   |                          |
|                                | )   | No. 3:22-CR-102-KAC-DCP  |
| TRAVEI D. PRYOR,               | )   |                          |
|                                | )   |                          |
| Defendant.                     | )   |                          |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Travei Pryor's Motion to Continue Trial Date and Relevant Deadlines [Doc. 14], filed on December 22, 2022.

In his motion, Defendant asks the Court to continue the January 24, 2023 trial date and associated deadlines. Counsel for Defendant states that she has been involved in a good faith effort to resolve Defendant's case but, despite her due diligence, additional time is needed to communicate with Defendant about certain factual and legal issues involved in this case and the potential for filing pretrial motions. Counsel further states that she needs additional time to confer with the Government regarding a possible resolution of this case. Counsel avers that granting the requested continuance will allow the parties the opportunity to explore making a full resolution of this case and will serve the ends of justice in that the need for additional time to properly prepare the case outweighs the best interests of the public and Defendant in a speedy trial. Finally, counsel for Defendant states that she has spoken with both Defendant Pryor, who is currently in custody and understands that the period of time between the filing of his motion and a rescheduled court date would be fully excludable for

speedy trial purposes, and counsel for the Government, who has no opposition to the requested continuance.

Based upon the information provided by Defendant in his motion, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel needs additional time to speak with her client about various factual and legal issues involved in this case, prepare any pretrial motions that may be necessary, and negotiate a possible resolution of this case with the Government, all of which cannot be done by the January 24, 2023 trial date. The Court therefore **GRANTS** Defendant Pryor's Motion to Continue Trial Date and Relevant Deadlines [**Doc. 14**]. The trial of this case is reset to **May 23, 2023**. A new, comprehensive, trial schedule is included below.

Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on December 22, 2022, and the new trial date of May 23, 2023, is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), -(h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Travei Pryor's Motion to Continue Trial Date and Relevant Deadlines Date [**Doc. 14**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **May 23, 2023, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the motion on **December 22, 2022**, and the new trial date of **May 23, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing pretrial motions is extended to **January 30, 2023, and** responses to motions are due on or before **February 13, 2023, with any necessary hearing on pretrial motions** to be set at a later date;

(5) The deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 24, 2023**;

(6) The deadline for filing motions *in limine* is **May 8, 2023**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **May 9, 2023, at 10:00 a.m.**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 12, 2023**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge